KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MICAH SMITH
Deputy Chief, Criminal Division

REBECCA A. PERLMUTTER
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Rebecca.Perlmutter@usdoj.gov

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUL - 3 2019
at 3 o'clock and 32 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 19-00088 HG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA |
| | ) | AGREEMENT |
| vs. | ) | |
| | ) | DATE: July 3, 2019 |
| LYNDIE KAUHI, | ) | TIME: 2:30 p.m. |
| | ) | JUDGE: Hon. Helen Gillmor |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, LYNDIE KAUHI, and her attorney,

Barry Edwards, Esq., have agreed upon the following:

## THE CHARGES

1. The defendant acknowledges that she has been charged in an Information with violating Title 18, United States Code, Section 4.

2. The defendant has read the charge against her contained in the Information, and that charge has been fully explained to her by her attorney.

3. The defendant fully understands the nature and elements of the crime with which she has been charged.

## THE AGREEMENT

4. The defendant agrees to waive indictment and enter a voluntary plea of guilty to Information, which charges her with having knowledge of the commission of a federal felony offense, concealing and not making known as soon as possible the authorities. The defendant is aware that she has the right to have this felony asserted against her by way of grand jury indictment. The defendant hereby waives this right and consents that this offense may be charged against her by way of the Information. In return, the U.S. Attorney's Office for the District of Hawaii agrees: (1) to move to dismiss Counts 22 through 25 of the Superseding Indictment in Crim. No. 18-00101 HG as to the defendant after sentencing, and (2)

not to file charges against the defendant related to the offenses described in the Superseding Indictment in Crim. No. 18-00101 HG, based on information now known to the government.

5. The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. The defendant enters this plea because she is in fact guilty of having knowledge of the commission of a federal felony offense, concealing and not making known as soon as possible the authorities as charged in Information, and she agrees that this plea is voluntary and not the result of force or threats.

## **PENALTIES**

7. The defendant understands that the penalties for the offense to which she is pleading guilty include:

   a. A term of imprisonment up to 3 years and a fine up to $250,000.00, plus a term of supervised release up to 1 year.

   b. In addition, the Court must impose a $100.00 special assessment as to each count to which the defendant is pleading guilty. The defendant agrees to pay $100.00 for each count to which she is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. The defendant

acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

  c. **<u>Restitution</u>.** The Court must also award restitution pursuant to Title 18, United States Code, Section 3663A, to the persons and entities victimized by the defendant's offenses. The defendant understands that the Court will determine the amounts of restitution to be ordered, as well as the persons and entities entitled to such restitution, with the assistance of the United States Probation Office. The defendant agrees to pay restitution for all losses caused by the defendant's conduct, including to pay jointly and severally for losses caused by the wire fraud scheme associated with Neil Kauhi as described in Crim. No. 18-00101. *See* 18 U.S.C. § 3663(a).

  d. **<u>Consequences of Conviction for Non-U.S. Citizens</u>.** The defendant has been advised by counsel and understands that because the defendant is not a citizen of the United States, the defendant's conviction in this case may have adverse immigration consequences, including the defendant's removal, deportation, or denaturalization from the United States. The defendant may also be denied United States citizenship and admission to the United States in the future.

## FACTUAL STIPULATIONS

8. The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the defendant is pleading guilty:

   a. From in or around October 2012 through in or around April 2018, the defendant, LYNDIE KAUHI, did not notify the authorities and took steps to conceal the wire and mail fraud scheme of N.K. by, among other things, depositing and transferring investors' funds into personal bank accounts only in her name and her and N.K.'s name to spend some of the investors' funds on her and N.K.'s personal expenses, and making misleading statements and material omissions about N.K.'s fraud scheme when the FBI interviewed the defendant on November 8, 2017, when in fact she knew by that time that N.K. was engaged in a scheme to defraud investors.

   b. The defendant knew that N.K.'s fraud scheme was a federal offense in that the FBI was investigating the fraud, and that wire transfers and the U.S. mail, emails, and texts were used in furtherance of the scheme. The defendant also knew that the potential punishment exceeded one year in prison.

9. Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which

the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

10. Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

   a. As of the date of this Agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit her involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

   b. The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for

trial as to the defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if the defendant is otherwise eligible. The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

12. The parties represent that as of the date of this Agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

13. The defendant is aware that she has the right to appeal her conviction and the sentence imposed. The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, her conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution order imposed, or the manner in which the sentence or restitution order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement. The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

    a. The defendant also waives the right to challenge her conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

    b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of her sentence greater than

specified in that guideline range and the manner in which that portion was determined and to challenge that portion of her sentence in a collateral attack.

c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## FINANCIAL DISCLOSURE

14. In connection with the collection of restitution or other financial obligations that may be imposed upon her, the defendant agrees as follows:

a. The defendant agrees to fully disclose all assets in which she has any interest or over which she exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party. The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement. To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office. The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's

case. The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office. The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

  b. The defendant expressly authorizes the United States Attorney's Office to obtain her credit report. The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

  c. Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly,

individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## FORFEITURE

15. As part of her acceptance of responsibility, the defendant agrees not to assert any claim or interest in or otherwise contest in any forum the forfeiture of property from and involving Neil Kauhi in Crim. No. 18-00101 HG, including forfeiture of the funds seized from escrow accounts in connection with the sale of real property as identified in the forfeiture allegations of the Superseding Indictment in Crim. No. 18-00101 HG.

## IMPOSITION OF SENTENCE

16. The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

17. The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The defendant understands that the Court will not accept an

agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

18. The defendant understands that by pleading guilty she surrenders certain rights, including the following:

    a. If the defendant persisted in a plea of not guilty to the charges against her, then she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the

defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

      c.     If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

      d.     At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on her own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

      e.     At a trial, the defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

19.     The defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

20. If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw her guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that she makes by signing this Agreement or that she makes while pleading guilty as set forth in this Agreement may be used against her in a subsequent trial if the defendant later proceeds to trial. The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn. The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

21. The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

22. The defendant and her attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty. Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

23. To become effective, this Agreement must be signed by all signatories listed below.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

24. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

DATED: Honolulu, Hawaii, July 3, 2019.

AGREED:

KENJI M. PRICE
United States Attorney
District of Hawaii

_____
MICAH SMITH
Deputy Chief, Criminal Division

_____
REBECCA A. PERLMUTTER
Assistant U.S. Attorney

_____
BARRY EDWARDS        6/28/19
Attorney for Defendant

_____
LYNDIE KAUHI
Defendant

16